Johnson, J.
We concur with the Chancellor, that the trust deed executed by Paul Ravenal Mazyck is good and must stand, and therefore that the decree of the Circuit Court should be affirmed ; and that would be sufficient for the case itself, but the observations of the Chancellor are calculated to shake the rule in Lawrence v. Beaubien, 2 Bail. 623, and Lowndes v. Chisholm, 2 M’C. Ch. 455, and the Court have thought it necessary to use the occasion to express their adherence to it.
Lawrence v. Beaubien was decided upon much consideration, and the more I have reflected upon it since, the more I am confirmed in its correctness; and I feel persuaded that fall doubts about it proceeded from misapprehension of the principle on which it is founded. There is, as I understand it, a very obvious distinction between ignorance and mistake of law. Ignorance cannot be proved— (who can enter into the heart of man, and ascertain how much knowledge dwells there ?) and for that reason the Courts cannot relieve against it. But not so with regard to a mistake in law. That is sometimes susceptible of proof. In relation to the general rules of property and of common honesty, which every one of common understanding must necessarily be taught by their intercourse with society; as that we have no right to the property of another — and that when, as in this ease, one has parted from his property either voluntarily or for a good or valuable consideration, his dominion and power of disposition over it ceases; no one will obtain credit for the pretence of being mistaken. But who that has had any experience in the profession of the law, does not know that a whole life of intense application is insufficient to develop all its mysteries, and that the most untiring zeal and ardent pursuit must leave many of the secret recesses unexplored; and shall it be said that those whose pursuits in life are inconsistent with the study'of the law, shall understand its most subtle and intricate distinctions by intuition, and that at the price of their fortunes ? I trust not — mistakes as to matters of fact have always been regarded as relievable upon clear, full and irrefragable proof, and mistakes in law ought to be upon the same footing, when the proof is equally certain. Suppose a party claiming the benefit of a contract founded upon a mistake of law, should, when put to answer it, admit the fact and be base enough to insist on it.' Where is the conscience so seared against the claims of justice and common honesty, as not to revolt at it ? Is not a mistake of this sort as susceptible of proof as a mistake in a'matter of fact. Lawyers are the professional advisers of the community, they are looked up to as oracles in this department, and when, as in Lawrence v. Beaubien, their client is misled by them and makes a contract against his interest, what higher evidence can be wanted of the fact of mistake ? Is it not as satisfactory as the admission of the party benefitted by the contract ? *This is only one mode of proof, and I doubt not that there are others which would be equally satisfactory. But we regard the question as definitely settled, and have only thought it necessary to say this much, to vindicate it from the doubts in which the opinion of the Chancellor was calculated to involve it.
It is ordered and decreed, that the appeal be dismissed, and that the decree of the Circuit Court be affirmed.
O’Neale, J., concurred.
Harper, J., absent.